UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DASEAN BUSSEY and IRA THOMAS,

                Plaintiffs,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
BIJOU MATHEW, shield #12287, LIEUTENANT
DANIEL CAMPBELL, POLICE OFFICER
FERNANDO GARCIA, shield #1149, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                Defendants.
----------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFFS DEMAND TRIAL BY JURY

13-CV-2684 (SLT) (RML)

Plaintiffs DASEAN BUSSEY and IRA THOMAS, for their complaint, by their attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFFS DASEAN BUSSEY (hereinafter "BUSSEY") and IRA THOMAS (hereinafter "THOMAS") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On February 1, 2013 at approximately 11:15 P.M., BUSSEY and THOMAS (hereinafter "Plaintiffs") were falsely arrested with excessive force by employees of the City of New York, including but not limited to POLICE OFFICER BIJOU MATHEW, shield #12287, LIEUTENANT DANIEL CAMPBELL, and POLICE OFFICER FERNANDO GARCIA, shield #1149. As a result of the excessive force used by Defendants, BUSSEY and THOMAS suffered physical and mental injuries.

## II. <u>JURISDICTION</u>

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiffs' state law claims.

## III. <u>PARTIES</u>

3. BUSSEY and THOMAS at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER BIJOU MATHEW, shield #12287 (hereinafter "MATHEW") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MATHEW is sued in his official and individual capacity.

6. Defendant LIEUTENANT DANIEL CAMPBELL (hereinafter "CAMPBELL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CAMPBELL is sued in his official and individual capacity.

7. Defendant POLICE OFFICER FERNANDO GARCIA, shield #1149 (hereinafter "GARCIA") was an NYPD police officer, and at all times relevant hereto, acted in that

2

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GARCIA is sued in his official and individual capacity.

8. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On February 1, 2013, at approximately 11:15 P.M., Plaintiffs were walking on Graham Avenue at or near Moore Street in Brooklyn, NY when multiple New York City Police Officers, including but not limited to MATHEW, CAMPBELL, and GARCIA, assaulted and falsely arrested Plaintiffs with excessive force.

11. Plaintiffs were placed in a police vehicle and transported to the 90th precinct. Plaintiffs were each issued a desk appearance ticket for Disorderly Conduct, PL 240.20(1), and released on their own recognizance.

12. As a result of the excessive force used by defendants, BUSSEY suffered physical injuries, including but not limited to a fractured nose; THOMAS suffered physical

3

injuries, including but not limited to a concussion. Plaintiffs were treated for their injuries at Woodhull Hospital.

13. All charges arising from Plaintiffs' arrest were dismissed on or about April 16, 2013.

14. On or about the 13th day of February, 2013, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiffs, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

15. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

16. Paragraphs 1 through 15 of this complaint are hereby realleged and incorporated by reference herein.

17. That Defendants had neither valid evidence for the arrest of Plaintiffs nor legal cause or excuse to seize and detain them.

18. That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs were but two of those persons.

19. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

4

to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

20. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

21. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

22. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

23. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

24. Paragraphs 1 through 23 are hereby realleged and incorporated by reference herein.

25. That the seizure, detention and imprisonment of Plaintiffs was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison them.

26. That Defendants intended to confine Plaintiffs.

27. That Plaintiffs were conscious of the confinement and did not consent to it.

28. That the confinement was not otherwise privileged.

29. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived them of their liberty when they subjected them to an unlawful, illegal and excessive detention, in violation of State law.

30. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

34. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against them.

35. That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

36. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

37. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating their arrest.

38. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

40. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

41. That upon information and belief, in 2013, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

42. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

43. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

45. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

48. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

49. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest or after Plaintiffs were arrested and in custody.

50. That at the time of the arrest, Plaintiffs did not pose a threat to the safety of the arresting officers.

51. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

52. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

53. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of the laws of the State of New York.

54. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

55. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

56. Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57. That Defendants intended to cause harmful bodily contact to Plaintiffs.

58. That Defendants, in a hostile manner, voluntarily caused Plaintiffs' injuries.

59. That Defendants' contact with Plaintiffs constituted a battery in violation of the laws of the State of New York.

60. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

63. That at all times Defendants were acting within the scope of their employment.

64. That Defendant CITY was able to exercise control over Defendants activities.

65. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to their reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from February 1, 2013 and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         February 4, 2013

                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718)604-3072